IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OVERSEAS PARTNERS RE LTD., <br><br> Plaintiff, <br> vs. <br><br> ACE AMERICAN INSURANCE COMPANY, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, ACE INA GROUP OF COMPANIES and STATE STREET BANK & TRUST COMPANY <br><br> Defendants. | C.A. No.  04-11936 RCL |

## EMERGENCY MOTION FOR SHORT ORDER OF NOTICE

Plaintiff, Overseas Partners Re Ltd. ("OP Re"), seeks a short order of notice for a hearing on its Motion for a Preliminary Injunction to enjoin the defendants ACE American Insurance Company, ACE Property & Casualty Insurance Company, and ACE INA Group of Companies (collectively, "ACE") from drawing down a letter of credit established in its favor by OP Re and issued by defendant State Street Bank & Trust Company ("State Street"), and to enjoin State Street from honoring an call or demand for payment. Upon information, State Street is currently poised to wire $15.7 million to ACE in the absence of an order from the court. In support of this motion, OP Re states the following:

1. This matter arises from an attempt by ACE to subvert an arbitration clause in a reinsurance agreement with OP Re.

2. A dispute exists between OP Re and ACE relating to ACE's obligations with regard to a letter of credit posted by OP Re pursuant to its agreement with ACE (the "Letter of Credit").

3. OP Re has demanded arbitration against ACE with respect to, inter alia, the Letter of Credit.

4. ACE improperly has submitted a sight draft to draw down the Letter of Credit in the amount of $15.7 million.

5. The threat of irreparable harm is immediate as OP Re has been informed that State Street is currently preparing to honor the sight draft.

6. On September 3, 2004, OP Re's Motion for a Temporary Restraining Order was ruled on by Judge Douglas P. Woodlock, sitting in emergency session. Judge Woodlock denied the motion without a hearing. He did not rule on the Motion for Preliminary Injunction, and reserved it, as well as whether to issue a short order of notice, for further consideration by the court.

7. If allowed to go forward, ACE's draw down will have the effect of altering irretrievably the status quo and thus will infringe upon the exclusive jurisdiction of the arbitration panel to address the parties' rights and obligations with regard to the Letter of Credit, the very thing at issue in the parties' dispute.

8. A preliminary injunction to maintain the status quo and preserve the Letter of Credit is necessary to uphold OP Re's contractual right to have disputes resolved by arbitration pursuant to its agreement with ACE.

9. In order to be effective, a preliminary injunction needs to be issued before State Street wires the $15.7 million to ACE, the risk of which is imminent.

10. Undersigned counsel hereby certifies that ACE and State Street were served with OP Re's Verified Complaint for Injunction in Aid of Arbitration, its Motion for a Temporary Restraining Order and Preliminary Injunction, the supporting Memorandum of Law, and

the Affidavit of Philip D. Birkby, by electronic mail on September 3, 2004, contemporaneous with the filing of those papers with the court.

WHEREFORE, OP Re seeks issuance of a short order of notice requiring that ACE and State Street appear (whether in person or via telephone) for a hearing on Wednesday, September 8, 2004 at 10:00 A.M., or another convenient time on September 8th, to show cause why a preliminary injunction should not issue.

Respectfully Submitted,

OVERSEAS PARTNERS RE LTD.,
By its attorneys,

 /s/Rhonda L. Rittenberg
Rhonda L. Rittenberg, BBO#550498
John E. Matosky, BBO# 641661
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated:      September 7, 2004

3